1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN REYNA,                               Case No.  1:20-cv-00203-DAD-HBK

12                   Plaintiff,                 ORDER FOR DEFENDANT KINGS
                                                COUNTY JAIL TO PROVIDE
13            v.                                FORWARDING ADDRESS FOR UNSERVED
                                                DEFENDANTS
14    KINGS COUNTY JAIL, WENDY
      BATCHELOR and NAEEM SIDDIQI,              14-DAY DEADLINE
15
                     Defendants.
16

17

18

19          This matter come before the Court upon review of the case file that was reassigned to the

20   undersigned on November 17, 2020.  (Doc. N0. 12).  Plaintiff John Reyna is a state prisoner

21   proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. §

22   1983.  This case is proceeding on Plaintiff's medical deliberate indifference claim against

23   Defendants Kings County Jail[1], and two medical defendants, Wendy Batchelor, a nurse

24   _____

25   [1] Although Kings County Jail is named as the defendant, it appears the former magistrate judge liberally
     construed the complaint as against Kings County.  (Doc. No. 6 at 2, n. 2, stating "Plaintiff's theory of
     liability against the county is one of municipal policy; he alleges that the procedure to provide medicine
26   and medical care was so cumbersome that it resulted in repeated and prolonged failure to provide any care
     while plaintiff's symptoms worsened. *See Monell v. Department of Social Services*, 436 U.S. 658, 694
27   (1978) .").  The jail, is not a "person" subject to suit under § 1983.  *See United States v. Kama*, 394 F.3d
     1236, 1239 (9th Cir. 2005) ("municipal police departments and bureaus are generally not considered
28   'person' within the meaning of section 1983"); *Harper v. San Diego Cty*., No. 3:20-CV-02409-CAB-LL,

practioner, and Naeem Siddiqi, a doctor.  (Doc No. 6).

On July 1, 2020, the Court ordered service on Defendants by the United States Marshals. (Doc No. 8).  The Process and Receipt and Return (Form 285) for Defendants Wendy Batchelor and Naeem Siddiqi were both returned on August 14, 2020 as unexecuted because defendants "no longer work" at Kings County Jail.  (Doc. Nos. 9-10).[2]  The Form 285 further stated that no forwarding address was provided for either Defendant.  (*Id*).

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  However, in the case where a plaintiff has been granted leave to proceed *in forma pauperis*, the United States Marshals Service ("Marshals") is responsible for serving the summons and complaint upon order of the Court. Fed. R. Civ. P. 4(c)(3). ).  "'[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties....'"  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), overruled on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause....'"  *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)).  Only where a plaintiff has failed to provide the Marshals with accurate and sufficient information to effect service, is dismissal of the unserved defendants permissible.  *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (dismissal for failure to serve timely under Fed. R. Civ. P. 4(m), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

---

2021 WL 2433928, at *2 (S.D. Cal. June 15, 2021) (finding San Diego Jail not a "person" subject to § 1983 civil rights claims).

[2] The summons for Defendant Kings County Jail was returned executed September 23, 2020 and an Answer to Plaintiff's Complaint was filed on November 23, 2020.  (Doc. Nos. 11, 13).

Plaintiff provided the Marshals with the address where Defendants Batchelor and Siddiqi worked. Given his incarceration, Plaintiff would have no knowledge if defendants discontinued their employment and would have little recourse for discovering defendants' forwarding address. Both of the unserved defendants were employed at Kings County Jail at the time of the events giving rise to the Plaintiff's claims. In order to expedite service of this matter, the Court will direct King County Jail officials to provide the Clerk of Court with the last known or forwarding address as maintained in their records for Defendants Wendy Batchelor and Naeem Siddiqi. Recognizing that the last known addresses may be the Defendant's home address, Jail officials may provide the addresses directly to the Clerk.

Accordingly, it is ORDERED:

Within **fourteen (14) days** from service of this Order, Defendant Kings County Jail shall provide the last known addresses for Defendants Bachelor and Siddiqi as maintained in their records directly to the Clerk of Court and file a Notice of Compliance or otherwise explain their inability to comply.

Dated:    November 7, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3