UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REYNA,<br><br>    Plaintiff,<br><br>  v.<br><br>KINGS COUNTY JAIL, WENDY BATCHELOR and NAEEM SIDDIQI,<br><br>    Defendants. | Case No. 1:20-cv-00203-DAD-HBK<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY UNSERVED DEFENDANTS SHOULD NOT BE DISMISSED OR MOVE TO EFFECTUATE SERVICE<br><br>21-DAY DEADLINE |

  This matter come before the Court upon review of Defendant County of Kings' Response to the Court's November 8, 2021 Order filed November 19, 2021. (Doc. No. 18). Plaintiff John Reyna is a state prisoner proceeding *pro se* and *in forma pauperis* on his civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's medical deliberate indifference claim against Defendants Kings County Jail, and two medical Defendants, Wendy Batchelor, a nurse practioner, and Naeem Siddiqi, a doctor. (Doc No. 6).

  Service has not been effectuated upon Defendants Wendy Batchelor and Naeem Siddiqi because defendants "no longer work" at Kings County Jail. (Doc. Nos. 9-10).[1] Neither unserved

---

[1] The summons for Defendant Kings County Jail was returned executed September 23, 2020 and an Answer to Plaintiff's Complaint was filed on November 23, 2020. (Doc. Nos. 11, 13).

Defendant was ever an employee of Defendant County of Kings. (Doc. No. 18 at 3, ¶ 3). Instead, both unserved Defendants were employed by Naphcare, Inc., a privately owned business. (*Id*.).

The Federal Rules of Civil Procedure sets forth the time limits in which a defendant must be served:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff may wish to conduct third-party discovery in order to locate the unserved Defendants. With the Court's permission, Plaintiff may serve third party subpoenas from entities that are not presently defendants in this case, including on Naphcare Inc., given that the discovery sought from the non-party is <u>not</u> equally available to Plaintiff and obtainable from Defendant County of Kings through a Rule 34 request for production of documents. (*See* Doc. No. 18). To issue a subpoena on these entities, or any other third parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshals Service. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). In any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom; and (2) make a showing in the request that the records are only obtainable through that third party. The documents requested must also fall within the scope of discovery allowed in this action. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, it is **ORDERED**:

Within **twenty-one (21)** from service of this Order, Plaintiff must show cause why Defendants Wendy Batchelor and Naeem Siddiqi should not be dismissed from his case without prejudice for failure to effectuate service; or must take appropriate action to effectuate service upon the unserved Defendants. Plaintiff's failure to timely respond to this Order will result in a

recommendation to the district court to dismiss the unserved Defendants under Fed. R. Civ. P. 4(m).

Dated:   November 20, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE