UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REYNA,<br><br>            Plaintiff,<br><br>      v.<br><br>KINGS COUNTY JAIL, WENDY BATCHELOR and NAEEM SIDDIQI,<br><br>            Defendants. | Case No.  1:20-cv-00203-DAD-HBK<br><br>ORDER GRANTING CONSTRUED MOTION FOR ISSUANCE OF SUBPOENA<br><br>(Doc No. 20)<br><br>ORDER DIRECTING CLERK TO SERVE SUBPOENA DUCES TECUM BY CERTIFIED MAIL, UPS OR FEDEX<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE SERVICE ADDRESSES WITHIN 60 DAYS |

Plaintiff John Reyna is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's medical deliberate indifference claim against Defendants Kings County Jail, and two medical defendants, Wendy Batchelor, N.P., and Naeem Siddiqi, M.D.  (Doc No. 6).

On July 1, 2020, the Court ordered service on all three Defendants by the United States Marshals.  (Doc No. 8).  On August 14, 2020, the Process and Receipt and Return (Form 285) for Defendants Wendy Batchelor and Naeem Siddiqi were both returned as unexecuted because defendants "no longer work" at Kings County Jail.  (Doc. Nos. 9-10).  On November 8, 2021, the

Court directed Kings County Jail to provide the forwarding addresses for Batchelor and Siddiqi. (Doc. No. 17). On November 19, 2021, Kings County Jail advised the Court that Batchelor and Siddiqi "have never been employees if County of Kings" but "were employed by Naphcare, Inc." (Doc. No. 18). On December 3, 2021, Plaintiff filed a motion requesting additional time to effectuate service upon Batchelor and Siddiqi in order that he may obtain information of the unserved defendants current and/or last known mailing address and any identifying information that would assist him in locating them. (Doc. No. 20). The Court construes the motion as a request for issuance of subpoena *duces tecum*.

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

A subpoena *duces tecum* may be served by certified mail. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (examining the plain language of Rule 45 for support of service of subpoena by mail and finding "no reason to inflate the costs of litigation by ruling out this sensible option for serving a subpoena (along with the necessary fees) and requiring parties to hire a second person for service, at least in the absence of any language in the Rule that compels such a result"). Likewise, the undersigned finds support for the service of a subpoena by certified

mail or FedEx in the plain language of Rule 45.

The U.S. Marshals' Service (USMS) typically handles Court requests for service of subpoenas and summons. These requests are burdensome, time-consuming and place significant demands on limited USMS resources. Under Federal Rule of Procedure 1, the Court is charged with securing the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. The undersigned judge finds that service of a subpoena *duces tecum* by certified mail or FedEx will further advance these objectives.

Accordingly, it is hereby **ORDERED**:

1. The Court GRANTS Plaintiff's construed motion for issuance of a subpoena. (Doc. No. 20.)

2. The Court directs the Clerk of the Court to fill out, issue and serve an AO 88B form as follows:

   a. The Caption on the subpoena shall be set to this case;

   b. "To:" shall be set to "Naphcare, Inc. 2090 Columbiana Road, Suite 4000, Birmingham, AL 35216."

   c. "Production:" shall be set to: "All documents regarding defendants Wendy Batchelor, N.P., and Naeem Siddiqi, M.D. (who worked at the Kings County Jail in or around January 1, 2020) contact information, including but not limited to their current and/or last known mailing address and any identifying information that would assist in locating them";

   d. "Place:" shall be set to Plaintiff's address as listed on the docket sheet: #1008117, Kings County Jail, P.O. Box 1699, Hanford, CA 93239;

   e. "Date and Time:" shall be set to "14 days after receipt";

3. The Clerk shall serve the subpoena, along with a copy of this order, by mailing the subpoena, by either certified mail, UPS, or FedEx (signature required), to the entity named in the subpoena;

4. The Clerk shall file a Notice of tracking number on the docket sheet and serve the Notice upon Plaintiff.

3

5. The Court further ORDERS Plaintiff to file a Notice on the docket containing the service addresses for defendants Wendy Batchelor, N.P., and Naeem Siddiqi, M.D. within 60 days of this Order. Upon receipt of the service addresses, the Court will then direct the USMS to attempt service. If no information or request for more time is received from Plaintiff within 60 days, the Court will recommend dismissal without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

6. Recognizing that the last known addresses may be the Defendant's home address, Naphcare, Inc. may provide the addresses directly to the Clerk within fourteen (14) days.

7. The Clerk shall mail a courtesy copy of this Order to: Bradley J. Cain, Esq., General Counsel - Naphcare, Inc., 2090 Columbiana Road, Suite 4000, Birmingham, AL 35216.

Dated: December 20, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE