UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RENYA,<br><br>    Plaintiff,<br><br>v.<br><br>KINGS COUNTY JAIL, WENDY BATCHELOR, NAEEM SIDDIQI,<br><br>    Defendants. | Case No. 1:20-cv-00203-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING A SUBPOENA<br><br>(Doc. No. 38) |

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* on his Complaint pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1, 4). Pending before the Court is Plaintiff's motion requesting the Court to issue a subpoena duces tecum upon Naphcare, Inc. ("Naphcare") filed on January 23, 2023. (Doc. No. 38, "Motion"). For the reasons set forth below, the Court denies Plaintiff's Motion without prejudice.

**BACKGROUND**

Plaintiff requests the Court to issue a subpoena duces tecum on third-party Naphcare to produce the following documents: (1) all of Plaintiff's medical records during his incarceration at Kings County Jail; (2) any medical grievances and requests that Plaintiff filed; and (3) "[a] copy of any rules, regulations, and policies on prescribing and removing medication from inmates at Kings County Jail, [sic] by Naphcare employees." (*Id.*). No Defendant filed an opposition to Plaintiff's Motion and the time to do so has expired. *See* L.R. 230(l).

## APPLICABLE LAW AND ANALYSIS

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspect of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Furthermore, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

The United States Marshals Service ("USM") handles Court requests for service of subpoenas and summons. These requests are burdensome, time-consuming and place significant demands on limited USM resources. Notably, Plaintiff was confined in the Kings County Jail and Defendants Batchelor and Siddiqi were employed by Naphcare as healthcare providers at the Kings County Jail. (See Doc. No. 18). Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand. *Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. 2007). Thus, while Plaintiff has identified documents that may be relevant, it appears the requested documents can be obtained through the discovery process without a subpoena by making a request for production of such documents from the named Defendants. *See* Fed. R. Civ. P. 26(b)(1). By using the discovery process to obtain the documents Plaintiff seeks, the Court will not be placing additional strain on the already limited USM resources. If, however, after making such a request upon the named Defendants, Defendants refuse to produce such documents because they do not have access or the legal right to obtain such documents, Plaintiff may renew his request for an

issuance of a subpoena to third-party Naphcare.

Accordingly, it is **ORDERED**:

Plaintiff's motion requesting a subpoena duces tecum issued on Naphcare, Inc. (Doc. No. 38) is DENIED without prejudice.

Dated:    February 16, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE