UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REYNA,<br><br>        Plaintiff,<br><br>    v.<br><br>KINGS COUNTY JAIL, WENDY BATCHELOR, and NAEEM SIDDIQI,<br><br>        Defendants. | Case No.  1:20-cv-00203-ADA-HBK (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE<br><br>(Doc. Nos.  48) |

Pending before the Court is Defendants Batchelor and Siddiqi's motion to strike filed on June 13, 2023.  (Doc. No. 48).  Defendants request the Court to strike Plaintiff's surreply filed on June 12, 2023.  (Doc. No. 47).  The Court denies the motion.

Plaintiff John Reyna, a prisoner, is proceeding pro se and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983.  (Doc. No. 1).  On April 19, 2023, Defendants Batchelor and Siddiqi filed a motion for summary judgment and the following day Defendant Kings County Jail filed a motion for summary judgment.  (Doc. Nos. 40, 41).  On May 17, 2023, Plaintiff filed oppositions to both motions for summary judgment.  (Doc. Nos. 43, 44).  Defendant Kings County Jail filed its reply on May 24, 2023, and Defendants Batchelor and Siddiqi filed their reply on May 26, 2023.  (Doc. Nos. 44, 46).  Without requesting leave, Plaintiff filed a surreply on June 12, 2023.  (Doc. No. 47).  The surreply is two pages and addresses only arguments raised by Defendants Batchelor and Siddiqi in their reply.  (*Id*.).  In moving to strike, Defendants

1  Batchelor and Siddiqi argue Local Rule 230(m) does not permit surreplies without court approval,
2  thus, Plaintiff's surreply must be stricken.  (Doc. No. 48).

3  Neither the Federal Rules of Civil Procedure, nor the Local Rules for the Eastern District
4  of California permit the filing of a surreply as a matter of right.  *See Garcia v. Biter*, 195
5  F.Supp.3d at 1131 (E.D. Ca. July 18, 2016) (noting the plaintiff did not have a right to file a
6  surreply under the local rules or under the Federal Rules of Civil Procedure).  Courts, however,
7  have discretion to permit, or preclude, a surreply.  *Id.* at 1133 (citations omitted); *see also U.S. ex*
8  *rel. Meyer v. Horizon Health Corp.*, 565 F. 3d 1195, 1203 (9th Cir. 2009) (holding that district
9  court did not abuse discretion in refusing to permit "inequitable surreply"); *Provenz v. Miller*, 102
10 F.3d 1478, 1483 (9th Cir. 1996) (providing the non-movant an opportunity to respond).  A district
11 court may allow a sur-reply to be filed where there is a valid reason for such additional briefing,
12 such as to prevent unfair prejudice.  *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. 2005).
13 "In this Circuit, courts are required to afford *pro se* litigants additional leniency."  *Hester v.*
14 *Clendenin*, 2022 WL 2541632, at *2 (E.D. Cal. Jul. 7, 2022) (citing *Wilhelm v. Rotman*, 680
15 F.3dd 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva*
16 *v. DiVittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th
17 Cir. 2010)), *findings and recommendations adopted by*, 2022 WL 3587803 (E.D. Cal. Aug. 22,
18 2022).

19 While Plaintiff did not first seek leave from the Court to file a surreply, the undersigned
20 finds that striking Plaintiff's surreply would not serve the interests of justice.  *See U.S. Equal*
21 *Employment Opportunity Commission v. Sunshine Raisin Corporation*, 2023 WL 4352426 (E.D.
22 Cal. Jun. 13, 2023) (denying motion to strike reply because it exceeded page limits set by the
23 court's case management and scheduling order) (citation omitted).  Given Plaintiff's pro se status,
24 and because his two-page surreply is limited to addressing only matters set forth in Defendants
25 Batchelor and Siddiqi's reply, the Court will accept Plaintiff's surreply.  The Court deems
26 Defendants Batchelor and Siddiqi's and Defendant Kings County Jail's respective motions for
27 summary judgment ripe for review as submitted on the record before the Court.
28    ////

Accordingly, it is **ORDERED**:

Defendants Batchelor and Siddiqi's motion to strike Plaintiff's Surreply (Doc. No. 48) is DENIED.

Dated:   September 8, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3