1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN REYNA,                              Case No.  1:20-cv-00203-NODJ-HBK (PC)

12              Plaintiff,                      ORDER ADOPTING FINDINGS AND
                                                RECOMMENDATIONS AND GRANTING
13         v.                                   DEFENDANTS' MOTIONS FOR SUMMARY
                                                JUDGMENT
14    KINGS COUNTY JAIL, WENDY
      BATCHELOR and NAEEM SIDDIQI,             Docs. 40, 41, 52
15
                Defendants.
16

17         Plaintiff John Reyna is a state prisoner proceeding pro se and in forma pauperis in this

18    civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's complaint

19    against defendants Wendy Batchelor, Naeem Siddiqi, and Kings County Jail alleging they were

20    deliberately indifferent to his serious medical need.  Doc. 1.  On April 19, 2023, defendants

21    Batchelor and Siddiqi filed a motion for summary judgment.  Doc. 40.  On April 20, 2023,

22    defendant Kings County Jail filed a motion for summary judgment.  Doc. 41.  The motions are

23    fully briefed.  *See* docket.

24         On December 18, 2023, the assigned magistrate judge issued findings and

25    recommendations recommending that defendants' motions for summary judgment be granted.

26    Doc. 52.  The findings and recommendations were served on the parties and provided notice that

27    any objections were to be filed within fourteen days of service.  *Id.* at 26.  On January 4, 2024,

28    plaintiff simultaneously filed objections and a motion for extension of time to file the objections.

Docs. 54, 55.  On January 7, 2024, the magistrate judge granted the motion for extension of time *nunc pro tunc*, thus deeming the objections timely filed.  Doc. 56.  Plaintiff's objections do not undermine the magistrate judge's analysis or findings.

In his objections, plaintiff disputes the magistrate judge's statement that plaintiff's extensive medical history over many years was of "limited relevance."  Doc. 55 at 1.  This objection lacks merit.  The findings and recommendations appropriately focused primarily on the plaintiff's medical history in the November 2019 to early 2020 period at issue in plaintiff's complaint, while also noting plaintiff's pre-existing conditions.  *See* Doc. 52 at 23–25.

Plaintiff also objects to the magistrate judge's finding regarding defendant Siddiqi, characterizing it as follows: "if a prison doctor offers some treatment, no matter how insignificant he cannot be found deliberately indifferent."  Doc. 55 at 1.  Plaintiff's description is incorrect.  The material undisputed facts demonstrated that when defendant Siddiqi was notified on November 23, 2019 about plaintiff's concern that his pain medication had lapsed two days earlier, Siddiqi promptly ordered the prescriptions for tramadol and gabapentin renewed that same day.  *See* Doc. 40-6 at 13, 53, 71–72.  The magistrate judge correctly concluded that such a temporary lapse in medical care, even if attributable to inadvertence or negligence, does not state a § 1983 claim.  Doc. 52 at 23.  Plaintiff has not provided any evidence to create a genuine dispute as to any material facts that would support his claims against defendant Siddiqi.  Defendant Siddiqui is thus entitled to summary judgment.

Plaintiff also quotes from various NaphCare policies regarding medication management, off-site appointments, responding to emergencies, and general patient care, and appears to contend that any failure by defendants to comply with those policies is sufficient to defeat summary judgment.  *See generally* Doc. 55.  However, as the magistrate judge correctly noted, given the evidence that the defendants consistently provided medical care to plaintiff, and timely took steps to ensure that plaintiff's medications were resumed following any gap required by scheduled medical procedures, any failure to comply with the referenced NaphCare policies would amount at most to negligence and do not establish a constitutional violation.

Plaintiff's remaining objections relate to the findings concerning defendant Batchelor's

1    various steps to stop and then restart plaintiff's medications in January 2020, based on directions

2    she had received that plaintiff needed to be off his medications for certain scheduled medical

3    procedures.  *Id.*  For example, in preparation for a January 7, 2020, offsite appointment, and

4    consistent with prior instructions, Doc. 40-6 at 71, Batchelor discontinued plaintiff's pain

5    medications (gabapentin, tramadol, and baclofen) on January 2, 2020, Doc. 40-6 at 54.  Plaintiff

6    argues that the discontinuance of the pain medications was not warranted because Batchelor also

7    electronically signed an offsite authorization form on January 2, 2020, indicating that plaintiff's

8    offsite appointment had been rescheduled to January 15, 2020.  He questions why Batchelor

9    discontinued his pain medication for five days starting on January 2, 2020, given that his

10   January 7 appointment was rescheduled.  Plaintiff makes similar points concerning the timing of

11   defendant Batchelor's stopping and restarting of his pain medications throughout the month of

12   January 2020 as his outside medical appointments were reset and then again rescheduled, each

13   time requiring the stopping and restarting of his medications.[1]

14          While construing all inferences in plaintiff's favor he has identified evidence that he was

15   without one or more of his pain medications for certain periods in January 2020, plaintiff's

16   objections do not meaningfully undermine the magistrate judge's analysis.  The undisputed

17   evidence shows that defendant Batchelder repeatedly made efforts to restart plaintiff's pain

18   medications in January 2020, when permitted consistent with plaintiff's outside medical

19   appointments.  As the findings and recommendations found, the delays plaintiff identifies are

20   attributable at most to alleged negligence.  Based on the material undisputed facts, plaintiff has

21   failed to establish evidence of a constitutional violation by defendant Batchelor.

22          Similarly, in *Wood v. Housewright*, a plaintiff brought an Eighth Amendment claim for a

23   two-month delay in treating his injured shoulder.  900 F.2d 1332 (9th Cir. 1990).  In affirming the

24   district court's ruling for the defendant, the Ninth Circuit stated that "[w]hile poor medical

25   treatment will at a certain point rise to the level of a constitutional violation, mere malpractice, or

26   even gross negligence, does not suffice.  Although [plaintiff's] treatment was not as prompt or

27

28   [1] Ultimately, plaintiff's full pain medication regimen was back in place by the end of January.
     Doc. 40-6 at 54–55.

1    efficient as a free citizen might hope to receive, [plaintiff] was given medical care at the prison

2    that addressed his needs."  900 F.2d 1332, 1334 (9th Cir. 1990).  Here, as in *Wood*, plaintiff did

3    not require emergency attention, nor did the delay in his pain medications substantially harm his

4    treatment, considering that the only remedy immediately available to him was to have the pain

5    medication restarted when permitted consistent with his outside appointment schedule.  *Id.*

6          As defendants Batchelor and Siddiqi are entitled to summary judgment on plaintiff's

7    claims against them, the findings and recommendations correctly found that there is no basis for a

8    *Monell* claim against defendant Kings County Jail.  *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir.

9    1994) (holding that "municipal defendants cannot be held liable because no constitutional

10   violation occurred"); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (finding no

11   liability as to city or police commission where no individual claim against police officer

12   remained).

13         In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

14   novo review of this case.  Having carefully reviewed the file, including plaintiff's objections, the

15   Court adopts the findings and recommendations in full.

16         Thus, the Court ORDERS:

17     1.  The findings and recommendations, filed on December 18, 2023 (Doc. 52), are

18         ADOPTED IN FULL.

19     2.  Defendants' motions for summary judgment (Docs. 40 and 41) are GRANTED.

20     3.  The Clerk shall enter judgment in favor of the defendants and against plaintiff and

21         shall close this case.

22

23

24   IT IS SO ORDERED.

25     Dated:   __March 28, 2025__                      _____

26                                                  UNITED STATES DISTRICT JUDGE

27

28

                                            4